3045302-DPG/JPC                                                                                    #31142-45

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROSEMARY ANTONACOPULOS., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-207 |
| ) | | |
| | ) | |
| CINTAS CORPORATE | ) | |
| SERVICES, INC. | ) | |
| and UNKNOWN INDIANA RESIDENT | ) | |
| CINTAS EMPLOYEE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COMES Defendant, CINTAS CORPORATION NO. 2., incorrectly sued as CINTAS CORPORATE SERVICES, INC., (hereinafter "Cintas"), by and through its attorney, Joseph P. Carlasare of SmithAmundsen LLC, and Pursuant to 28 U.S.C. § 1446(a), Cintas hereby provides notice of the removal of the civil action currently pending in the Superior Court of Lake County, Indiana, and states as follows:

1. Cintas is a defendant in a civil action filed in, and currently pending before, the Superior Court in Lake County, Indiana, styled as *Rosemary Antonacopulos* v*.. Cintas Corporate Services, Inc. and Unknown Indiana Resident Cintas Employee*, Cause No. 45D02-2004-CT-000418 (the "Indiana State Court Action"). The Complaint in the Indiana State Court Action was filed with the Clerk of the Superior Court in Lake County, Indiana, on or about April 20, 2020. See Copy of Complaint attached hereto as Exhibit "A."

## GROUNDS FOR REMOVAL

2. This action is removable pursuant to 28 U.S.C. § 1441(a) in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. On the

face of the complaint, there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

3.  Plaintiff's Complaint alleges that, "Rosemary Antonacopulos, is currently and at all relevant times, an adult resident of Lake County, Indiana." Exhibit A, ¶2

4.  Cintas is an Ohio company with its principal place of business in Cincinnati, OH 45040. See Ohio Secretary of State Office Website accessible at https://bizimage.ohiosos.gov/api/image/pdf/201632602630. (Last Accessed on May 12, 2020). See also Exhibit A, ¶3-5

5.  Plaintiff's Complaint also alleges, "[**u]pon information and belief**, Defendant Unknown Indiana Resident Cintas Employee (Defendant Employee) is a **resident** of the State of Indiana." Exhibit A, ¶19. (emphasis added). However, for purposes of diversity jurisdiction "citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene*, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).  Plaintiff's allegation of residency alone is insufficient to defeat diversity.

6.  There is no allegation in Plaintiff's Complaint regarding the domicile of the "Defendant Unknown Indiana Resident Cintas Employee." Moreover, allegations based upon "information and belief" are insufficient to establish diversity of citizenship jurisdiction. *Id*. Plaintiff's failure to properly allege the citizenship of the "Defendant Unknown Indiana Resident Cintas Employee" results in complete diversity of the parties on the face of the Complaint.

7.  Assuming *arguendo* that the "Defendant Unknown Indiana Resident Cintas Employee" is a citizen of the State of Indiana, the doctrine of fraudulent joinder applies. The fraudulent joinder doctrine provides an exception to the citizenship requirement of removal jurisdiction. *Poulos v. Naas Foods, Inc*., 959 F.2d 69 (7th Cir. 1992). A plaintiff cannot defeat a defendant's right of

removal on the basis of diversity citizenship by the fraudulent joinder of a non-diverse defendant against whom the plaintiff has no real cause of action. *Poulos*, 959 F.2d 69. A non-diverse party is improper and constitutes fraudulent joinder when it fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992); *Poulos*, 959 F.2d at 74.

8. Based on Plaintiff's own allegations, at all relevant times, "Defendant Employee, employee of Defendant Cintas was performing mat services on behalf of Defendant Cintas at ArcelorMittal." Exhibit A, ¶24. Therefore, if we assume Plaintiff's allegations are accurate, "Defendant Unknown Indiana Resident Cintas Employee" was acting within the course and scope of his employment. Therefore, if allegations of the complaint are taken as true, Plaintiff has no claims against the Unknown Defendant Employee in his individual capacity.

9. With respect to damages, Plaintiff alleges she sustained the following, including, but not limited to: bodily injuries, permanent disability, lost wages and benefits; loss of normal use and normal life, past, present and future pain and suffering and inconvenience; and past, present and future medical expenses. Exhibit A, ¶37. Upon information and belief, Plaintiff's claimed injuries are: a fractured right patella (knee cap), a left knee contusion, bilateral shoulder injuries, and a torn rotator cuff. As a result, the amount in controversy exceeds $75,000.

### COMPLIANCE WITH REMOVAL PROCEDURES

10. This Notice of Removal is properly filed in the United States District Court for the Northern District of Indiana, Hammond Division, because the Superior Court in Lake County, Indiana, is located in this federal judicial district and division.

11. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

12. Copies of the docket and all process and pleadings received by Nationwide in the Indiana State Court Action to date are attached hereto as Exhibit "B."

13. Pursuant to 28 U.S.C. §§ 1446(d), a copy of this Notice of Removal is being filed with the Superior Court in Lake County, Indiana, in Case No. 45D02-2004-CT-000418.  A copy of the Notice of Filing of Notice of Removal has been filed with the Clerk of the Superior Court in Lake County, Indiana, is attached as Exhibit C.

14. Written notice of the filing of this Notice of Removal is being served on Plaintiff's counsel on this date.

15. This Notice is being filed with this Court within thirty (30) days of the date on which Defendant received a copy of the Complaint. Defendant received service of process on or about April 27, 2020. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

16. Within twenty (20) days of removal, all attorneys of record not admitted to practice before this Court will comply with the Court's admission policy, as set forth in Local Rule 83.5.

17. In filing this Notice of Removal, Cintas does not waive any defense that might be available to it in this action.

WHEREFORE, for the foregoing reasons, Cintas respectfully requests that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in the Superior Court in Lake County, Indiana, and award to Nationwide all other relief to which it is justly entitled.


**JURY DEMAND**

SmithAmundsen LLC


By:     s/ Joseph P. Carlasare


Joseph P. Carlasare #31142-45
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200 / (312) 894-3210 – FAX
jcarlasare@salawus.com